UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-24442-CIV-LENARD/GOODMAN

**JAMIE FAITH EDMONSON, et al.,**

    Plaintiffs,

**v.**

**VELVET LIFESTYLES, LLC, et al.,**

    Defendants/Third Party Plaintiffs,

**v.**

**JLFL CONCEPTS, LLC,
JESSICA SWINGER, and
JESSE SWINGER,**

    Third Party Defendants.

_____/

## <u>ORDER DENYING THIRD PARTY DEFENDANTS' MOTION TO DISMISS THIRD PARTY COMPLAINT (D.E. 135)</u>

**THIS CAUSE** is before the Court on Third Party Defendants, JLFL Concepts, Jessica Swinger and Jesse Swinger's Motion to Dismiss Third Party Complaint, ("Motion," D.E. 135), filed February 13, 2017. Defendants/Third Party Plaintiffs Velvet Lifestyles LLC, Joy Dorfman, and My Three Yorkies, LLC (collectively, "Velvet Lifestyles") filed a Response on February 24, 2017, ("Response," D.E. 138), to which JFLF did not reply. Upon review of the Motion, Response, and the record, the Court finds as follows.

**I.     Background[1]**

There are thirty-two Plaintiffs in this case; each is a female professional model. (See Am. Compl. ¶¶ 23-54.)  Defendant Velvet Lifestyles does business as "Miami Velvet"—"a private, members-only club marketing and catering locally and nationally to individuals who engage in the 'swinger,' 'spouse swapping' or open relationship lifestyle and who seek to regularly attend events where they can participate in those activities." (Am. Compl. ¶¶ 55-56.)

On September 15, 2016, Plaintiffs filed an Amended Complaint against Velvet Lifestyles (and its principals) alleging that "Defendants have pirated and altered the images, likeness and/or identity of each Plaintiff Model for purely self-serving commercial purposes – to advertise, promote and market Defendants' own business interests on websites and social media accounts owned, operated, hosted, or controlled by Defendants." (D.E. 80 ¶ 1.)  On December 16, 2016, Velvet Lifestyles filed a Third Party Complaint against JLFL, and its managing members, Jessica Swinger and Jesse Swinger (collectively, "JLFL"), alleging that they are the parties "who actually produced the promotional materials at issue" in Plaintiffs' Amended Complaint. (D.E. 107 ¶ 1.)

The Third Party Complaint alleges that on or about October 2011, Velvet Lifestyles entered into an oral contract with JLFL "to take full responsibility to produce and make all decisions relating to Miami Velvet's promotional advertising, marketing and endorsement activities[.]" (Id. ¶ 21.)  "As a specific term and condition of the oral

---

[1] The following facts are gleaned from the Third Party Complaint, (D.E. 107 at 37-47), and are deemed to be true for purposes for ruling on the Motion to Dismiss.

contract," Velvet Lifestyles "required that any and all images or photographs used for any and all promotional, advertising, marketing and endorsement activities, such as those detailed in the Amended Complaint, would be fully licensed and authorized, with appropriate releases and/or permission for their use." (Id. ¶ 22.) The Third Party Complaint alleges that JLFL agreed to that specific term and condition and represented that they would comply therewith. (Id. ¶ 23.) Velvet Lifestyles relied on that representation when it permitted JLFL to produce the at-issue promotional advertisements. (Id. ¶ 24.) The Third Party Complaint alleges that JLFL breached the Parties' agreement when it used Plaintiffs' images without authorization. (Id. ¶¶ 26-33.)

The Third Party Complaint alleges claims for breach of contract (Count I), fraudulent misrepresentation (Count II), breach of express warranty (Count III), and breach of implied warranty (Count IV). (Id. ¶¶ 26-55.) JLFL moves to dismiss the Third Party Complaint for failure to state a claim upon which relief can be granted. (D.E. 135.)

## II.   Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Conclusory statements, assertions or labels will not survive a 12(b)(6) motion to dismiss. Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

3

Id.; see also Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010) (setting forth the plausibility standard). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555 (citation omitted). Additionally:

> Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, "but we are not required to draw plaintiff's inference." Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. Id.; see also Iqbal, 129 S. Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

Sinaltrainal v. Coca-Cola, 578 F.3d 1252, 1260 (11th Cir. 2009), abrogated on other grounds by Mohamad v. Palestinian Auth., __ U.S. __, 132 S. Ct. 1702, 1706 n.2 (2012). The Eleventh Circuit has endorsed "a 'two-pronged approach' in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Iqbal, 556 U.S. at 679).

**III. Discussion**

JLFL argues that Count I fails to state a claim for breach of contract because it fails to adequately allege that a contract existed. (Mot. at 2.) It further argues that even if

the Third Party Complaint adequately alleges a contract, its enforcement is barred by the Statute of Frauds.  (Id. at 3-4.)  Finally, it argues that Counts II through IV fail "for their reliance on the unenforceable contract as an essential element of the counts."  (Id. at 5.)

      a.    **Existence of an oral contract**

With respect to Count I, for a breach of contract claim, "Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach.  Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1272 (11th Cir. 2009) (citing Friedman v. N.Y. Life Ins. Co., 985 So. 2d 56, 58 (Fla. Dist. Ct. App. 2008)).  JLFL challenges only the first element—the existence of a contract.  (See Mot. at 2-3.)  "[T]o prove the existence of a contract, a plaintiff must plead: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms."  Vega, 564 F.3d at 1272 (citing St. Joe Corp. v. McIver, 875 So. 2d 375, 381 (Fla. 2004) (citing W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc., 728 So. 2d 297, 302 (Fla. Dist. Ct. App. 1999)).  "[A] plaintiff is required to allege facts that, if taken as true, demonstrate that the parties mutually assented to 'a certain and definite proposition' and left no essential terms open."  W.R. Townsend, 728 So. 2d at 300 (citing Jacksonville Port Auth. v. W.R. Johnson Enters., Inc., 624 So. 2d 313 (Fla. Dist. Ct. App. 1993)).

Here, the Third Amended Complaint alleges that in October 2011, Velvet Lifestyles "entered into an oral contract" with JLFL "to take full responsibility to produce and make all decisions relating to Miami Velvet's promotional, advertising, marketing

and endorsement activities, such as those detailed in the Amended Complaint."[2] (Third Am. Compl. ¶ 21.)

> 22. As a specific term and condition of the oral contract, Third Party Plaintiffs required that any and all images or photographs used for any and all promotional, advertising, marketing and endorsement activities, such as those detailed in the Amended Complaint, would be fully licensed and authorized, with appropriate releases and/or permission for their use.
>
> 23. Third Party Defendants agreed to said specific term and condition and represented that they would comply with same.
>
> 24. Third Party Plaintiffs relied on the oral agreement and representations described in paragraphs 22 and 23 and allowed Third Party Defendants to produce and make all decisions relating to Miami Velvet's promotional, advertising, marketing and endorsement activities, such as those detailed in the Amended Complaint.

(Id. ¶¶ 22-24; see also id. ¶¶ 27-31.) The Third Party Complaint further alleges that JLFL performed under the contract by producing all of the at-issue promotional advertising underlying the claims un Plaintiffs' Amended Complaint. (Id. ¶ 25.)

The Court finds that these allegations, if taken as true, demonstrate that the Parties mutually assented to a certain and definite proposition and left no essential terms open. See Carole Korn Interiors, Inc. v. Goudie, 573 So. 2d 923, 924 (Fla. Dist. Ct. App. 1990) (finding a valid oral contract existed where the plaintiff alleged that it entered into an oral agreement with the defendants for interior design services and that the plaintiff provided the services).

---

[2] Later in its Response (when addressing the Statute of Frauds argument), Velvet Lifestyles argues that the Parties actually entered into several, separate oral contracts—one to create advertisements for each event that was to be held at Miami Velvet. (Resp. at 6.)

### b. Statute of Frauds

Florida's Statute of Frauds prohibits a legal action for breach of contract based "upon any agreement that is not to be performed within the space of 1 year from the making thereof[.]" Fla. Stat. § 725.01. In other words, "Florida's Statute of Frauds requires contracts to be in writing if they are not to be performed within one year[.]" Eclipse Med., Inc. v. Am. Hydro-Surgical Instruments, Inc., 262 F. Supp. 2d 1334, 1362 (S.D. Fla. 1999).

JLFL argues that any oral contract between the Parties would be unenforceable under the Statute of Frauds because (1) "it was meant to be completed over more than one year from the date it was agreed to[,]" or (2) it "was indefinite in scope[.]" (Mot. at 4.) Velvet Lifestyles argues that the Statute of Frauds does not apply to the at-issue contract because it was never intended to be performed after a year. (Resp. at 5.) It further argues that the Statute of Frauds is not a defense where, as here, the at-issue contract has been fully performed. (Id.) Because the Court accepts the latter argument, it need not address the former.

"When an oral contract has been fully performed by one party, the statute of frauds may not be employed as a defense." Gerry v. Antonio, 409 So. 2d 1181, 1183 (Fla. Dist. Ct. App. 1982). Accepting the allegations contained in the Third Party Complaint as true and construing them (and the reasonable inferences to be drawn therefrom) in the light most favorable to Velvet Lifestyles, the Court finds that both Parties had fully performed under the oral contract. Paragraph 25 of the Third Party Complaint asserts that all of the advertising materials containing images of the Plaintiffs

that are attached to Plaintiff's Amended Complaint "were produced by [the] Third Party Defendants." (D.E. 107 ¶ 25.) The Third Amended Complaint does not allege, and does not permit a reasonable inference that, there are any remaining actions to be taken under the Parties' oral contract. "The law is settled that the statute of frauds applies only to executory contracts and has no application to agreements fully performed on both sides." McDowell v. Ritter, 13 So. 2d 612, 612 (Fla. 1943). Accordingly, the Court finds that the Statute of Frauds does not required dismissal of Count I.

### c. Counts II, III, and IV

JLFL argues that Counts II, III, and IV should be dismissed "for their reliance on the unenforceable contract as an essential element of the counts." (Mot. at 5.) However, having found that the Third Party Complaint adequately alleges an enforceable oral contract, the Court can reject this argument out of hand.

## IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Third Party Defendant's Motion to Dismiss Third Party Complaint is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 18th day of July, 2017.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**