UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case Number: 15-24442-CIV-MARTINEZ-LOUIS

JAIME FAITH EDMONDSON, et al.,
    Plaintiffs,

vs.

VELVET LIFESTYLES, LLC, et al.,
    Defendants.
_____/

## ORDER ON MOTION FOR JUDGMENT AS A MATTER OF LAW

THIS CAUSE came upon the Defendants' Motion for Judgment as a Matter of Law, [ECF No. 321]. The Court has considered the motion, Plaintiffs' Response in Opposition thereto, [ECF No. 331], Defendants' Reply, [ECF No.337], and is otherwise fully advised in the premises. For the following reasons, Defendants' Motion is **DENIED.**

### I.    Background

Plaintiffs brought suit against the Defendants for claims of false advertising and false endorsement under the Lanham Act. The claims arose from Defendants' nonconsensual use of Plaintiffs' images in advertising for a local night club. On summary judgment, the Court found the Defendants liable as a matter of law, and a jury trial commenced on September 9, 2019, as to damages only.

After Plaintiffs concluded their case-in-chief, Defendants made an *ore tenus* motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a), [ECF No. 338]. The Court took the motion under advisement and permitted the trial to go to the jury. The jury returned a verdict in favor of the Plaintiffs and awarded respective damages as to each, [ECF No. 305].

Defendants now renew their motion for judgment as a matter of law under Rule 50(b).

## II. Standard of Law

Federal Rule of Civil Procedure 50 provides the mechanism for a defendant to challenge the sufficiency of a plaintiff's evidence at and after the close of a case. Under Rule 50, "[j]udgment as a matter of law is appropriate when a plaintiff presents no legally sufficient evidentiary basis for a reasonable jury to find for him on a material element of his cause of action." *Williams v. First Advantage LNS Screening Solutions Inc*, 947 F.3d 735, 744 (11th Cir. 2020) (quoting *Proctor v. Fluor Enters., Inc.*, 494 F.3d 1337, 1347 n.5 (11th Cir. 2007)). The Court may not re-weigh the evidence or substitute itself as the trier of fact. *See, e.g., Robbins v. Koger Props., Inc.*, 116 F.3d 1441 (11th Cir. 1997); *Slip-N-Slide Records, Inc. v. TVT Records, LLC*, No. 05-CIV-21113, 2007 WL 3232270, at *2 (S.D. Fla. Oct. 31, 2007).

The burden is heavy, and the movant must show that the evidence—when viewed in the light most favorable to the nonmovant— "point[s] so strongly and overwhelmingly in favor of one party the Court believes that reasonable men could not arrive at a contrary verdict." *United States v. Vahlco Corp.*, 720 F.2d 885, 889 (11th Cir. 1983). Put simply, "if reasonable jurors could reach different results, judgment as a matter of law is improper." *Holland v. Gee*, 677 F.3d 1047, 1064 (11th Cir. 2012) (internal quotations and citation omitted).

## III. Discussion

Defendant's Rule 50(b) Motion raises two arguments: (1) that no evidence was presented at trial to warrant awarding damages against Defendant Joy Dorfman in an individual capacity; and (2) that Plaintiffs did not introduce sufficient evidence to support the jury's damages award. The Court discusses each in turn.

A. <u>Joy Dorfman's Individual Liability</u>

In their instant Rule 50(b) Motion, Defendants assert that damages cannot be assessed

against Defendant Joy Dorfman because the evidence presented at trial did not establish that Ms. Dorfman in any way participated in the violative advertisements, or even in the day-to-day management of the club, despite her status as the president of Defendant My Three Yorkies, LLC—the owner of the subject club Miami Velvet. Rather, Defendants contend Plaintiffs failed to present sufficient facts to pierce the corporate veil or otherwise show Ms. Dorfman participated in the wrongdoing.

Defendants' argument as to Joy Dorfman is problematic for a few reasons.

As an initial matter, the Court notes that Defendant's Rule 50(a) Motion presented at the close of Plaintiffs' case-in-chief argued only that Plaintiffs did not present evidence that Ms. Dorfman acted willfully or was unjustly enriched in the context of Plaintiffs' entitlement to lost profits.[1] [*See* ECF 338 at 15]. "[A]ny renewal of a motion for judgment as a matter of law under Rule 50(b) must be based on the same grounds as the original request for judgment as a matter of law prior to the case being submitted to the jury." *Chaney v. City of Orlando*, 483 F.3d 1221, 1228 (11th Cir. 2007) (quoting *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 903 (11th Cir. 2004)). This corporate veil argument was not raised in Defendants' Rule 50(a) Motion at trial and should not be considered at this stage.

In the same vein, the Court notes that a corporate veil defense goes to Ms. Dorfman's liability, which was not the subject of this stipulated-to damages-only trial. In fact, the summary judgment order found no genuine issue of material fact as to Defendants' liability and that "the only dispute is the valuation of [] damages." [ECF No. 139. at 22].

---

[1] The Court notes that "[i]t is well-settled that no proof of intent or willfulness is required to establish a violation of Lanham Act §43(a) for false advertising." *Vector Prods., Inc. v. Hartford Fire Ins. Co.*, 397 F.3d 1316, 1319 (11th Cir. 2005). Rather, "[s]ection 43(a) [of the Lanham Act, 15 U.S.C. § 1125,] provides a strict liability tort cause of action." *Canas v. Flash Dancers, Inc.*, No. 3:16-cv-393-J-32JRK, 2020 WL 588290, at *6 (M.D. Fla. Feb. 6, 2020) (quoting *Vector Prods, Inc.*, 392 F.3d at 1319).

3

Though Ms. Dorfman arguably raised the corporate veil issue in her Motion for Summary Judgment, [ECF No. 139], the motion was denied without prejudice for procedural reasons by United States District Judge Lenard in her omnibus Order on Summary Judgment, [ECF No. 174]. Nonetheless, Defendant Dorfman did not seek leave to re-file in the subsequent two years this case was pending, nor was this theory of defense against liability raised during trial. Should there have been pending issues as to Ms. Dorfman's *liability*, those issues could have—and should have—been raised in a motion to sever or a similar procedural avenue. This eleventh-hour request for the Court to essentially re-evaluate Joy Dorfman's liability is unavailing.

B. Sufficiency of Evidence to Support Damages

Defendants assert entitlement to judgment as a matter of law because the jury's damage award was "founded on the purely speculative, hypothetical and unreliable opinions of [Plaintiffs'] expert Stephen Chamberlain." [ECF No. 321 at 2]. Defendants, both during the pretrial and trial phases of this litigation, asked the Court numerous times to review Mr. Chamberlain's expert opinions for their adequacy. [*See, e.g.*, ECF Nos. 174, 227, 229, 294–95]. Each time, the Court denied Defendants' request to limit Chamberlain's testimony.[2] Rather, the Court found that the Defendants' arguments went to the weight of his opinion, not its admissibility. *See Edmondson v. Caliente Resorts, LLC*, No. 8:15-cv-2672-T-23TBM, 2017 WL 10591833, at *4–6 (M.D. Fla. Aug. 31, 2017) (finding, in a nearly identical case, that Chamberlain's valuation of damages "appears grounded in verifiable facts, and is not speculative," and, at any rate, Defendants' objections went to the weight rather than admissibility of his testimony); *Rosenfeld v. Oceania Cruises, Inc.*, 654 F.3d 1190, 1193 (11th Cir. 2011); *Canas v. Flash Dancers, Inc.*, No. 3:16-cv-393-J-32JRK, 2020 WL 588290, at *6 (M.D. Fla. Feb. 6, 2020).

---

[2] With the exception of Chamberlain's multiplier, which, by stipulation of the Plaintiffs, was not presented to the jury.

The Court submitted the case to the jury with proper instructions. The Defendant adequately exposed the significant weaknesses in Chamberlain's testimony on cross-examination of both Mr. Chamberlain and of every Plaintiff who testified before the jury. In fact, the jury chose to significantly depart downward from Chamberlain's damages valuation. This does not—as Defendants contend—render Chamberlain's opinion inherently speculative, but rather highlights the fact that the jury adequately took into consideration all of the evidence before it in calculating each Plaintiff's damage award. In short, the jury considered Chamberlain's opinion and gave it the weight it deemed due.[3] The Court will not reweigh this evidence or substitute its judgment for that of the jury.

Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that:

1. Defendants' Motion for Judgment as a Matter of Law, [ECF No. 321], is **DENIED**. This case is **CLOSED**. The Court retains jurisdiction over all matters related to the Plaintiffs' Motion for Attorneys' Fees and Costs, [ECF Nos. 325, 342].

DONE and ORDERED in Chambers at Miami, Florida, this ___5___ day of March 2020

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Louis
All Counsel of Record

---

[3] To be clear, the Court does not credit the jury's findings. *See Chaney v. City of Orlando*, 483 F.3d 1221, 1228 (11th Cir. 2007). Rather, the Court simply finds that there was ample and sufficient evidence of Plaintiffs' damages for the jury to have made the findings it did. *Id.* ("The jury's findings should be excluded from the decision-making calculus on a Rule 50(b) motion, other than to ask whether there was sufficient evidence, as a legal matter, from which a reasonable jury could find for the party who prevailed at trial.").

5